No. 27,033.

J. S. Coe, *Appellee*, v. The Federal Reserve Life Insurance Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Life Insurance—*Extent of Authority to Employ Agents.* A life insurance company has power to employ an agent for a named state for a period of fifteen years and to authorize him to procure applications for life insurance, to collect first-year and renewal premiums, to appoint agents, to plan and organize the work of soliciting life insurance in that state, to have absolute control of such organization, to open offices, to make contracts with such agents appointed by him, and to assign his contract with the company and all compensation named in it to an associate to be thereafter named by the agent employed.

2. Pleading—*Demurrer to Part of One Cause.* It is not error to overrule a demurrer filed against a part of a petition which states but one cause of action where the part against which the demurrer is filed is set out only as a part of the one cause of action alleged in the petition.

Appeal from Shawnee district court, division No. 3; Otis E. Hungate, judge. Opinion filed January 8, 1927. Affirmed.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt,* all of Topeka, *T. J. McComb* and *J. D. McComb,* both of Oklahoma City, Okla., for the appellant.

*Thomas F. Doran* and *Clayton E. Kline,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendant appeals from an order overruling its demurrer to the petition of the plaintiff.

The plaintiff sued to recover damages for breach of a written contract, which read as follows:

"Whereas, It is important that The Federal Reserve Life Insurance Company shall enter other states for the purpose of writing business therein; and

"Whereas, J. S. Coe is willing to undertake the work of procuring business and the renewal thereof for the company in the state of Oklahoma; and

"Whereas, Said Coe agrees to use his best endeavors in the work of building an organization in Oklahoma.

"Now, therefore, this contract made in duplicate this 19th day of December, 1922, by and between The Federal Reserve Life Insurance Company (a corporation duly organized under the laws of the state of Kansas, with its principal office in Kansas City, county of Wyandotte, state of Kansas), party of the

---

Insurance, 32 C. J. p. 1067 n. 30.   Pleading, 31 Cyc. p. 326 n. 45; 21 R. C. L. 516.

first part, and J. S. Coe, of Topeka, county of Shawnee, state of Kansas, party of the second part, witnesseth:

### "1. Appointment.

"The first party hereby appoints the second party its general agent in and for the state of Oklahoma.

### "2. Authority.

"Second party shall have authority (a) to procure applications for policies (defined as writing business); (b) to collect first year's premiums; (c) to collect renewal premiums; (d) to appoint agents and others necessary in the carrying out of the second party's work and his plan of organization for the procurement of said business and the renewal thereof; (e) to have absolute control of said organization; (f) to have the right to open offices anywhere he may see fit in any of the said states; (g) to do such advertising or circularization as he may wish to do at his own expense.

### "3. Expenses of First Party.

"First party shall pay death claims and all expenses in connection with the company as ordinarily paid by life insurance companies, including medical examination and inspection fees, taxes, all licenses and fees; provided, however, that said Coe agrees to advance the necessary amounts to cover licenses and fees and/or taxes in the states herein named, with the understanding, however, that if and when said Coe shall have procured two hundred thousand dollars of paid for business in the states herein named, then said amounts which shall have been advanced by said Coe for licenses and fees and/or taxes in that state shall be refunded to said Coe; and this shall be the method and arrangement for all the states herein named, that is, opening and entering said state.

### "4. Expenses of Second Party.

"Second party shall pay commissions and other compensation to all subagents or others employed by second party in the procurement of business, or renewal thereof, in any of the states herein named.

### "5. Second Party May Make Contracts.

"Second party may make contracts with such subagents or others in the procurement of business, or renewal thereof, in any of the states herein named, on whatever contractual basis he may be able to make, and whatever difference, or differences, if any, between this contract and the contract thus made by second party with such subagents, or others, as aforesaid, shall go to second party and belong to him.

### "6. Assistants.

"Second party shall have the power to appoint and employ such assistants and others as second party may see fit so to do, and second party shall also have power to give said assistants and others such appropriate titles as he may select; and second party may delegate any of the powers herein conferred on second party and may empower said assistants and others to act for him.

### "7. Compensation.

"Second party's compensation shall be commissions on first-year premiums, and renewal commissions on nine subsequent premiums paid on all business written in the state herein named as follows, to wit:

| Kind of policy. | First-year commission. |
|---|---|
| Term policies | 95% |
| Twenty-payment life policies | 95% |
| Ten-payment life policies | 85% |
| Ordinary life policy | 95% |
| Fifteen-payment life policies | 90% |
| Twenty-year endowment policies | 75% |
| Fifteen-year endowment policies | 70% |
| Ten-year endowment policies | 65% |

### "8. Renewals.

"In addition to the commissions named in the foregoing schedule, second party shall receive nine renewals on the subsequent premiums on all policies written under this contract as follows, to wit: four renewal commissions of fifteen per cent each, and thereafter five renewal commissions of ten per cent each of the premiums paid on all policies written during the continuance of this contract.

### "9. Duration of Contract.

"This contract shall become effective today and shall continue for a period of fifteen years from this date.

### "10. Assignment.

"This contract and all compensation herein named may be assigned by second party to an associate hereinafter to be named by second party to first party.

"The above was substituted for section No. 10 and written by the company's president in my own handwriting.—(Signed)  Walter L. Payne, *Pres.*

### "11. Changed or Converted Policies.

"If and when any term, life and / or endowment, policy may be changed from a lower to a higher premium, second party shall receive commissions, as herein provided, on the difference between the lower and higher premiums.

### "12. Shall Not Affect Any Other Contract.

"The making of this contract shall not affect, in any wise, any contract heretofore made by and between said company and the second party to this contract.

### "13. Opening State.

"Second party shall have the right to open or enter said state whenever second party finds it practicable to begin operation in said state; provided, however, if second party shall not have begun operation in the state herein named within two years from the date of this contract, first party shall have the right to withdraw state herein named from this contract.

"14. Acceptance.

"Second party is willing and agrees to undertake said work of building an organization in the state herein named, in accordance with the terms of this contract, and accordingly hereby accepts this contract."

The petition alleged the execution of the contract, and the willingness, readiness, and ability of the plaintiff to perform his obligations under it; which performance was prevented by the defendant. The breach of contract alleged was that the defendant after repeated requests and demands therefor failed to furnish the information, material, and supplies necessary to be furnished to the plaintiff in order to enable him to perform his obligations under the contract. The petition proper is set out in nine pages of printed matter in the abstract, and with the exhibits fills twenty-nine pages.

1. One part of the demurrer was on the ground that the petition did not state facts sufficient to constitute a cause of action. To support this ground of the demurrer, the defendant argues that the contract was void because by it the defendant turned over to the plaintiff the entire management of its business in the state of Oklahoma, which at that time was one-half of the territory in which the defendant was doing business. This argument is based on the length of time the contract was to run, fifteen years, on the authority given to the plaintiff in employing subagents for the purpose of procuring insurance and on the fact that the contract provided that it and all compensation under it could be assigned by the plaintiff to any associate whom he might thereafter name. The court cannot agree with the defendant in its construction of the contract. It did name the plaintiff as the agent of the defendant, and did give to him power to appoint subagents, and did give him authority to assign his rights under the contract, but it did not authorize him, nor anyone appointed by him, to do anything except to procure applications for policies, to collect first-year premiums, and to collect renewal premiums as set out in paragraph No. 2 of the contract. This did not take from the defendant the management or control of its business in Oklahoma. The petition alleged a breach of the contract and stated a cause of action.

2. The demurrer sets out ten grounds, each of nine of which is directed to a specific part of the petition on the ground that the part attacked did not state facts sufficient to constitute a cause of action

against the defendant. If may be said that none of those parts of the petition taken by itself constituted a cause of action against the defendant. The petition did not attempt to state a cause of action on any one of those parts. They were a part of the petition as a whole, which alleged but one cause of action and did not attempt to plead more than one.

The statute, section 60-705 of the Revised Statutes, reads:

"The defendant may demur to the petition only when it appears on its face . . . that the petition does not state facts sufficient to constitute a cause of action."

The statute does not provide for a demurrer to a part of a petition which states but one cause of action. The right to demur is restricted to the whole of a cause of action.

In 31 Cyc. 326, the writer says:

"Under the common law system of pleading, a demurrer will lie only to the whole of a pleading. But under the codes and practice acts, the general rule is that it can be directed to a particular count or defense. However, a demurrer must go to the whole of a count or defense, where the same is single and entire, and a demurrer to only a part thereof cannot be considered."

To the same effect is 6 Standard Proc. 857-859.

It is not a ground of demurrer that a part of a petition does not state a cause of action where that part is set out merely as a part of the cause of action alleged in the petition as a whole. The part attacked may be subject to a motion to strike out or to make more definite and certain, but it is not demurrable because it is subject to those motions.

The demurrer was properly overruled, and the judgment is affirmed.